10848

SAVANNAH GUANO CO. v. HOME BANK
OF BARNWELL *ET AL.*

(111 S. E. 788)

1. Appeal and Error—Order Recommitting to Master is Essential to Exception to Master's Construction of the Order.—An exception that the Master erred in retrying a case, because the order recommitting it to him contemplated only that he reproduce his original report, which had been lost, cannot be sustained, where the order recommitting the case to the Master is not in the record.

2. Appeal and Error—A Construction of Order of Reference by Master Held Not Prejudicial.—The construction by the Master of an order recommitting the case to him as requiring a retrial, instead of a reproduction of his original report, which had been lost, was not prejudicial to defendant, where the trial Judge based his findings on the evidence unaffected by the findings of the Master.

3. Motions—Notice Unnecessary for Orders Made in Term Time.—An exception that no notice in writing was given to defendant's attorney, who was not in Court when the order was obtained, cannot be sustained, where it appeared the order was made in term time, since a written notice is unnecessary for such order, and especially where it appears that the appellant was not prejudiced by the want of legal notice.

4. Principal and Agent—Contract Held to Show Principal Was Entitled to Payment to Agent.—On an accounting between a principal and its sales agent, where the contract provided that, if a purchaser of the principal's goods, who was also indebted to the agent on another account, made a payment without specific application, it should be applied to the indebtedness due the principal, the payment made by the purchaser was properly accredited to the principal, where there was no attempt to show an application by the purchaser.

5. Principal and Agent—Settlement With Agent Held Not Binding.—Where defendant claimed it had a settlement with the

agent of plaintiff, but its contract with plaintiff expressly pro-
vided that no representations by any agent of plaintiff should be
binding on plaintiff, unless in writing duly approved by an exec-
utive officer of plaintiff, the alleged settlement was not binding,
in the absence of any attempt to show it was agreed to by plaintiff.

6. APPEAL AND ERROR—CHARGING COSTS AGAINST PERSON NOT PARTY
    HELD NOT PREJUDICIAL TO APPELLANT.—Defendant, against whom
    a judgement was rendered, cannot complain that the costs were
    adjudged against the purchaser from him, who was not a party to
    the action.

Before PEURIFOY, J., Barnwell, February, 1921.    Af-
firmed.

Action by the Savannah Guano Co. against Home Bank
of Barnwell and Farmers' Union Mercantile Co.    Judg-
ment for the plaintiff against the Farmers' Union Mercan-
tile Co. and it appeals.

*Mr. James E. Davis* for appellant.    No citations.

*Mr. G. M. Greene* for respondent.

April 11, 1922.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The statement in this case on appeal is as follows:

"The respondent, the Savannah Guano Company,
brought this action against the defendants above named
by the service of a summons and complaint on the 15th
day of March, A. D. 1917, and issue being joined between
the defendant, the Home Bank, and said plaintiff respond-
ent, an order was made by the Circuit Court referring all
the issues raised by the pleadings to the Master of said
Court.

"A reference was held on the 9th day of November,
1917, and while Mr. B. H. Cave, one of plaintiff's wit-
nesses, was testifying, Mr. W. T. Aycock, of the Farmers'
Union Mercantile Company, took exceptions to the course
the testimony was developing, and complained that he had

been misled, and an advantage was being taken of him, whereupon G. M. Greene, Esq., attorney for the plaintiff, requested the Master to adjourn the reference, and stated that he would waive default of the Farmers' Union Mercantile Company, allow it to answer, and protect any rights it might have in the premises. Said reference was adjourned until the 16th day of March, 1918, at which time Mr. Davis, attorney for the Mercantile Company, answered for that defendant and interposed a demurrer, copy of which is incorporated herein.

"The Master reserved his judgment upon the demurrer and proceeded with the testimony, which, in narrative form, is incorporated herein. After argument of counsel, the Master filed his report, in which he dismissed the complaint as against the Bank and found that the appellant must account to the plaintiff for the sum of $73.25, and recommend judgment accordingly. To this finding both sides filed exceptions.

"When the case was reached on the calendar of the Circuit Court, it was discovered that the report of the Master was not in the record. Mr. Greene, the plaintiff's attorney, procured from the Court an order recommitting the cause to the Master for the purpose of making another report. (It will be noted that no notice was given appellant's attorney of this intended action, and said attorney was not in Court when said order was obtained.)

"The Master, pursuant to the order recommitting the cause as aforesaid, called a reference, in which he gave all parties notice, and proceeded to retry the case upon a carbon copy of the original testimony, and against the protest of the defendant appellant held that his construction of said order was not to reproduce the lost report, but to retry the case *de novo,* notwithstanding the said order of recommittal contained the provision that the Master take a carbon copy of the testimony and make another report.

"The Master filed his report under this last-named order of recommittal, to which the defendant filed exceptions, all of which are incorporated herein, and the cause coming on to be heard before his Honor, Judge Peurifoy, the exceptions of the defendant, Home Bank, were sustained, and the Master's findings of law and fact were reversed, and the complaint as to said defendant dismissed; but the exceptions of the Farmers' Union Mercantile Company were overruled, and judgment rendered against it for $243.20, with the further finding that T. D. Creighton pay the costs, and, in the event that he cannot respond, then appellant be adjudged to pay said costs. * * *

"From the decree and judgment the Farmers' Union Mercantile Company gave timely notice of its intention to appeal to the Supreme Court, and now comes and excepts to said judgment upon the grounds set out in the exceptions herein set forth."

I. The first exception is:

1, 2  "That the Master erred in retrying this case, and filing the report herein excepted to, for the reasons:

"(a) That the order recommitting the cause to said Master contemplated that he reproduce his report originally filed, as stated in the report, and not a different conclusion of law and fact, as contained in said report, and his Honor, the Circuit Judge, erred in overruling said exception."

This exception cannot be sustained. The order recommitting the case to the Master is not in the record, and we cannot say that the Master erred in his construction of the order. This exception cannot be sustained for the further reason that the trial Judge based his finding on the evidence in the case, unaffected by the findings of the Master.

II. The second exception is:

3    "That it appears (and is a fact) that in his original report, stated by him to have been lost, he, the said Master, dismissed the complaint against the defendant

Home Bank, and recommended that the Farmers' Union Mercantile Company account for $73.25, and it is respectfully submitted that, in giving judgment against the defendant Farmers' Union Mercantile Company, the said Master exceeded his authority under the order of recommittal, and his Honor should have so held. The defendant Farmers' Union Mercantile Company further excepted to the Master's findings; that said Court erred in recommitting this cause, without notice to defendant or its attorney, in this:

"(a) It is admitted that no notice in writing was given defendant's attorney.

"(b) It is admitted that defendant's attorney was not in Court when the order was obtained, and his Honor erred in not sustaining the foregoing exception to the Master's report."

This exception cannot be sustained, for the reason that no written notice is necessary for orders made in term time, and it appears that the appellant was not prejudiced by the want of written notice.

III. The third exception was withdrawn at the hearing. The fourth exception is:

"His Honor erred in not sustaining Subdivision C. of the Farmers' Union Mercantile Company's exceptions, which is as follows: 'It appears from the testimony that there was an agreement between the plaintiff and the defendant Farmers' Union Mercantile Company, who were the agents of the plaintiff; that they would divide the losses and profits; that it was a custom of many years standing among the manufacturers of guano and the merchants, to whom they sold originally, that they did divide these losses as well as profits, and had a full settlement, and the Master erred in holding otherwise and giving judgment against said defendant.'"

This exception cannot be sustained. The contract provides:

"It is understood and agreed that, where a purchaser of our fertilizer is indebted to you, individually, in addition to the amount owing us, if said purchaser directs that any payment he may make shall be applied to his debt to us, or makes no specific application of the payment, then the payment shall be at once applied to his indebtedness to us; otherwise, it shall be applied to his indebtedness to us and to you pro rata."

There was no attempt to show that the purchaser gave any directions as to the application of the payments, and under the express provisions of the contract the amounts collected were due to the plaintiff.

IV. The appellant claims that it had a settlement with the agent of the plaintiff. The contract further provides:

"This contract, to be binding upon us, must be approved by one of the executive officers of this company. All previous communications between us, either written or verbal, with reference to the subject-matter of this contract, are hereby abrogated, and no statements or representations on your part, or of any agent of yours, or of any agent of ours, nor any modification of this agreement, shall be binding upon us, or either of us, unless the same shall be in writing, duly accepted by you, and approved by an executive officer of this company."

There was no attempt to show that the plaintiff agreed to the alleged settlement.

V. The next allegation of error was that the purchaser, Creighton, was not made a party, and that Creighton was required to pay the cost of the case. That does not affect the appellant, and was not prejudicial to it.

VI. The statement of the account is not entirely clear. The appellant has not shown error in the amount of the judgment.

The judgment is affirmed.

Mr. Chief Justice Gary and Mr. Justice Cothran concur.

Mr. Justice Watts did not participate on account of sickness.